JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

ANDREW P. CAPUTO (CABN 203655)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-7004
   Fax: (415) 436-6753
   E-Mail: andrew.caputo@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 08-0884 VRW |
|       Plaintiff, ) | ORDER OF DETENTION PENDING |
|   v. ) | TRIAL |
| JOSEPH WILLIS, JR., ) | |
|       Defendant. ) | |

      The Court held a series of detention hearings in this matter, on March 27, April 22, May 6, May 11, and May 14, 2009.  The defendant, Joseph Willis, Jr., was present at each hearing and represented by Ann Moorman.  Assistant United States Attorney Drew Caputo appeared for the United States.

      Pretrial Services submitted a report to the Court prior to the first detention hearing, and a representative from Pretrial Services was present at each hearing.  The Government requested detention, and Defendant opposed.  Testimony, proffers and arguments regarding detention were presented by the parties at the hearings.  The Court conducted an evidentiary hearing on May 11, 2009.

DETENTION ORDER
CR 08-0884 VRW

1    Upon consideration of the facts, proffers, evidence and arguments presented, the Court
2 finds that Defendant enjoys substantial family and community support and appears to have taken
3 on the role of a responsible father. His residence in the Bay Area is well established. Moreover,
4 he has suffered only one felony conviction (for drugs). Defendant therefore does not represent a
5 flight risk.

6    Furthermore, were the Court to assess the danger Defendant presents to the community based
7 solely on his criminal history and community ties, it would not find he presents such a danger.
8 However, the Court does find by clear and convincing evidence that no condition or combination
9 of conditions will reasonably assure the safety of other persons and the community because of
10 post-arrest telephone conversations, transcripts of which were presented to this Court and live
11 testimony of a San Francisco Police Officer was taken. These taped conversations contained
12 threats to the safety of the informant in this case. Accordingly, the Court concludes that
13 Defendant must be detained pending trial in this matter.

14    The present order supplements the Court's findings at the May 14, 2009, detention
15 hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C.
16 § 3142(i)(1).

17    The Court makes the following findings as basis for its conclusion that no condition or
18 combination of conditions will reasonably assure the safety of other persons and the community.
19 Recorded telephone calls made by Defendant after his arrest on January 4, 2009 contain what the
20 Court finds to be threats or instructions to cause physical harm to the undercover FBI source
21 involved in this case. It is clear that Defendant and those to whom he is speaking knows the
22 identity of the informant who was responsible for his arrest and the arrest of others. In two
23 different calls, Defendant references the need or desire to "smother that steak" in an apparent
24 reference to the informant. The telephone calls also contain references to what the Court finds to
25 be firearms ("super-soakers") apparently in his possession prior to the arrest and accessible by
26 his friends. There also exists substantial evidence of gang affiliation on the part of Defendant
27 and possibly other people with whom Defendant was communicating after his arrest. Although
28 Defendant has not been convicted of a violent crime, he has been arrested for strong armed

robbery and was arrested in the company of gang members who possessed automatic weapons. Significantly, Defendant has not proffered an alternative interpretation of the key words heard on the telephone tapes. The Court is thus left with an undisputed proffer that Defendant threatened the safety of the informant. The combination of these threats together with Defendant's apparent motive and means to cause harm to the undercover source causes the Court to conclude that Defendant presents a risk of danger to other persons – specifically to the undercover source and to those close to the undercover source – that cannot be mitigated adequately by conditions of release.

To be sure, this conclusion is not without some doubt. Although Defendant has not proffered an alternative explanation for the terms "smother that steak" and "super-soakers," his counsel contends these statements were made simply out of frustration or as a show of bravado without any real intent or means to cause harm. But given Defendant's gang affiliation, some evidence of violence in the past, and apparent access to serious weapons, the Court concludes the Government has met its burden.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.  Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  Defendant be afforded reasonable opportunity for private consultation with his counsel; and

3.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

///
///
///
///

1  As mentioned at the hearing, this ruling is without prejudice to a motion for
2  reconsideration.  Should Defendant present additional evidence (*e.g.*, subsequent phone calls,
3  etc.) which negates the Court's finding of a real threat, the Court will review the matter again.

5  IT IS SO ORDERED.

7  Dated: May 22, 2009

    _____
8   EDWARD M. CHEN
    United States Magistrate Judge